UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BILLIE JEROME ALLEN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:16-CV-963 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Before the Court are movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1] and his request to hold this case in abeyance pending a decision from the United States Court of Appeals for the Eighth Circuit on movant's petition to file a successive habeas action [Doc. #1].

Specifically, movant states that he is filing the instant motion to vacate, protectively, "before the statute of limitations period expires in order to protect [his] rights in the event the Eighth Circuit grants" his request for permission to file a second petition under 28 U.S.C. § 2255(h)(2) and 28 U.S.C. § 2244(b)(2)(A), in which to raise a claim that relies on *Johnson*, a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. The Eighth Circuit has not yet ruled on this request in *Allen v. United States*, Case No. 16-2094 (8th Cir. 2016).[1]

Under 28 U.S.C. § 2255(h):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

---

[1] Movant's request for permission to file a successive habeas petition was filed in the Eighth Circuit Court of Appeals on May 4, 2016. *Id.*

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

When a second or successive habeas petition is filed in a District Court without the authorization of the Court of Appeals, the Court should dismiss it, or, in its discretion and in the interests of justice, transfer the motion to the Court of Appeals. *Boyd v. U.S.*, 304 F.3d 813, 814 (8th Cir. 2002).[2]

Because movant has already filed an action with the Eighth Circuit Court of Appeals as a request to file a second or successive § 2255 motion based on *Johnson*, this Court will not transfer the instant action, but rather, will dismiss it without prejudice to refiling if, and when, movant obtains permission to do so.

Accordingly,

**IT IS HEREBY ORDERED** that movant's request to hold this case in abeyance pending a decision from the United States Court of Appeals for the Eighth Circuit on movant's petition to file a successive habeas action is **DENIED** without prejudice.

---

[2] The requirement that prisoners obtain authorization from the Circuit Court before filing a second or successive petition in the District Court is jurisdictional. *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks omitted).

**IT IS FURTHER ORDERED** that movant's motion to vacate is **DENIED**, without prejudice, because movant has not yet obtained permission from the United States Court of Appeals for the Eighth Circuit to bring the motion in this Court. *See* 28 U.S.C. § 2255(h).

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 22nd day of July, 2016

*/s/ E. Richard Webber*

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE